## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

September 4, 2024

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**TONI DELESELEUC,**
**Plaintiff Below, Petitioner**

**v.) No. 23-ICA-411**     (Cir. Ct. of Berkeley Cnty. No. CC-02-2021-C-340)

**LARRY D. WALKER,**
**Defendant Below, Respondent**

### MEMORANDUM DECISION

Petitioner Toni Deleseleuc appeals two orders from the Circuit Court of Berkeley County: the May 12, 2023, bench trial order, and the August 17, 2023, order denying her motion to alter or amend the circuit court's bench trial ruling. Respondent Larry D. Walker did not participate in this appeal.[1] On appeal, Ms. Deleseleuc assigns error to several of the circuit court's rulings below.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the circuit court's decision is reversed, and this case is remanded for further proceedings consistent with this decision.

By deed dated July 29, 1993, the parties purchased a 15.93-acre tract of land in Berkeley County as joint tenants with rights of survivorship ("Property"). At the time of this purchase, the parties were married, and the Property's purchase price was $52,900.00. The uncontested facts within the circuit court's order set forth that the parties began construction of a home on the Property, but construction was never completed. The parties lived in this home for approximately six months in 1995 before vacating the premises and returning to Maryland.

Likewise, the circuit court made the uncontested finding that when the parties divorced in January of 2002, they agreed to exclude the Property from their divorce proceedings and to handle its distribution separately.[2] It is undisputed that at the time of

---

[1] Ms. Deleseleuc is represented by Charles R. Hughes, Esq.

1

the divorce, approximately $35,000.00 remained on the Property's mortgage. At some point prior to commencing the underlying civil action, Ms. Deleseleuc approached Mr. Walker and requested the Property be sold and its proceeds divided equally. He refused. On October 11, 2021, Ms. Deleseleuc, through counsel, filed a petition for partition in circuit court, seeking to partition the Property either by allotment to Mr. Walker or by judicial sale pursuant to West Virginia Code §§ 37-4-1 to -9.

On May 10, 2023, the parties appeared for a bench trial, and the circuit court memorialized its findings in an order dated May 12, 2023. Although not reflected in the bench trial order, Ms. Deleseleuc claims that during the bench trial, the circuit court heard testimony showing: (a) partition of the Property will promote its sale, use, and development; (b) the Property cannot be partitioned in kind; (c) Mr. Walker's interest in the Property will not be prejudiced by a judicial sale; and (d) the interests of all parties will be promoted by a judicial sale.[3] Ms. Deleseleuc presented an appraisal which valued the Property at $96,000.00. The bench trial order found this value undisputed.

According to the bench trial order, Mr. Walker testified that after their divorce, Ms. Deleseleuc did not contribute to the Property's mortgage, taxes, or local service fees (fire, ambulance, etc.). He claimed he satisfied the Property's remaining $35,000.00 mortgage sometime in 2009. He also testified that the parties filed for bankruptcy while they were still married, and that he was solely responsible for the marital debts that were resolved in bankruptcy which were paid through garnishment of his pay.[4]

As part of its findings, the order stated, "[t]he present dispute is to resolve the fact that this property continues to be titled in both parties' name as joint tenants and the plaintiff is demanding her share." Based on the evidence presented, the circuit court determined that at the time of the parties' divorce, there was $17,900.00 of equity in the property for distribution or $8,950.00 each. It found that Mr. Walker was entitled to an offset for the payment of the remaining $35,000.00 on the mortgage, in addition to credit

---

[2] The record does not establish where the parties were divorced. However, it is undisputed that the parties last cohabitated together in West Virginia in 1995. Thus, given the year in which the divorce was granted we presume the divorce proceeding was not held in West Virginia.

[3] Aside from an excerpt of the hearing transcript, there was not a full transcript provided in the appendix.

[4] According to the bench trial order, Mr. Walker also claimed that the parties had executed a written agreement several years ago wherein he would purchase the property from Ms. Deleseleuc. However, the circuit court found that the written agreement was null and void. This is not an issue in this appeal.

for the other financial obligations he undertook to keep the Property out of foreclosure or subject to a tax sale. The circuit court excluded from the offset the insurance and property taxes paid between 2002-2009 because those were things "generally" held in escrow as part of the mortgage. However, Mr. Walker was awarded an offset for those costs beginning when the mortgage debt was satisfied in 2009 through 2022. The circuit court also noted "[w]hile no receipts for insurance have been provided, the Defendant did provide checks for ambulance and fire fees paid by the Defendant, from which the Court will extrapolate the amounts due to the Defendant in equity if the property was sold." The bench trial order then set forth the following offset calculations and rulings:

> The Court calculates the following offset is equitable:
> Real Estate Tax offset $9,000.00 (15 years x $600)
> Fire and Ambulance offset $1,500 (15 years x $100.00)
> Mortgage Balance offset $35,000.00 (remaining balance at time of divorce)
> **The Court finds that the Defendant's offset total is $45,500.00.**
>
> Wherefore, the Court finds that [Mr. Walker] may elect to sell the property at which time the proceeds of $96,000.00 would be divided between the parties as follows:
> If the equity in the property had been divided equally at the time of the divorce, each party would have received $8,950.00 (equity at time of divorce); however,
> The remaining balance of $96,000 - $17,000 = $79,000.00 divided by two is $39,500.00. [Mr. Walker]'s offset exceeds the division of proceeds by $6,000.00.
>
> **Thus, the Court finds that the equitable distribution of the proceeds of a proposed sale would be: [Ms. Deleseleuc ] shall receive $2,950.00 total, and [Mr. Walker] shall receive $93,050.00. In the alternative, [Mr. Walker] may elect to keep the property, and pay [Ms. Deleseleuc ] the amount she is entitled to receive $2,950.00, from the proceeds if the Court forced a sale.**
>
> The Court hereby Orders that the Defendant has 30 days from this Order to elect to sell or purchase the property and thereafter the parties shall forthwith prepare a Deed from the parties as joint tenants to the Defendant or a third-party purchaser in accordance with the Order of the Court.

In a one-page order dated August 17, 2023, the circuit court denied Ms. Deleseleuc's motion to alter or amend the bench trial order. This appeal followed. We apply the following standard of review to both orders on appeal:

In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. pt. 2, *Walker v. W. Va. Ethics Comm'n,* 201 W. Va. 108, 492 S.E.2d 167 (1997); Syl. Pt. 1, *Wickland v. Am. Travellers Life Ins.,* 204 W. Va. 430, 513 S.E.2d 657 (1998) (holding that on appeal from a motion to alter or amend, an appellate court applies "the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal . . . is filed.").

On appeal, Ms. Deleseleuc raises three assignments of error.[5] At the heart of all these assignments is the assertion that the circuit court's findings and ultimate disposition in the orders on appeal are erroneously premised upon its failure to apply the controlling law of partition to the case. We agree. Ms. Deleseleuc's petition was filed as a partition action, seeking to partition the Property either by allotment or by sale. The exclusive statutory procedure for partition actions is set forth under article four, chapter thirty-seven of our code. *See* W. Va. Code §§ 37-4-1 to -9. However, our review of the record indicates that the circuit court failed to follow this procedure below. For example, there are no findings of fact or analysis by the circuit court regarding whether the property should be partitioned by allotment or by judicial sale, or whether land commissioners or a special commissioner are necessary to effectuate the partition.

Instead, the record shows that the circuit court deviated from the applicable statutory scheme by basing its findings and ultimate disposition upon a mistaken conflation of domestic relations law and partition law. Specifically, the circuit court's analysis and rulings below are undeniably based upon its mistaken belief that the Property remains marital property. This is exhibited by the circuit court's erroneous application of equitable distribution principles to its calculation of each party's share of the Property.[6]

---

[5] In sum, Ms. Deleseleuc argues that the circuit court misapplied the law, erred by holding Ms. Deleseleuc solely responsible for the $35,000.00 mortgage debt and fees paid by Mr. Walker from 2009 to 2022 instead of apportioning the amounts equally between the parties as joint tenants, and the circuit court's calculation of her interest in the Property is without a factual or legal basis. However, the circuit court's misapplication of the law requires reversal of both orders, eliminating our need to discuss these errors individually on appeal.

[6] We also find error in the circuit court's calculation of offset and division of proceeds. This determination was premature and in a partition proceeding would only be ripe for consideration *after* the allotment or sale of the Property occurs and is confirmed by the circuit court. It is only then that credits, offsets, and damages determinations become

While the parties purchased the property during their marriage as joint tenants with a right of survivorship, they agreed to exclude the Property from their divorce proceedings. Our law states that a joint tenancy is never created by the act of marriage nor is the tenancy severed by a divorce decree. In *Young v. McIntyre*, 223 W. Va. 60, 672 S.E.2d 196 (2008), our Supreme Court of Appeals held:

> The right of survivorship of a joint tenant does not arise out of the marriage relationship. Absent either an express intent to sever or conduct inconsistent with the continuation of the joint tenancy, the right of survivorship will continue after a dissolution of the marriage of joint tenants.

*Id.* at 66, 672 S.E.2d at 202. When Ms. Deleseleuc filed this partition action, the parties had been divorced for several years; therefore, the Property was no longer marital property and equitable distribution principles did not apply. Rather, the circuit court was required to decide this case based upon our partition law but failed to do so. This is reversible error.

As such, we conclude that the circuit court both abused its discretion and was clearly wrong in its rulings as set forth in the May 12, 2023, and August 17, 2023, orders. We reverse those orders and remand the matter for the circuit court to conduct further proceedings consistent with our partition law and procedure as outlined by article four, chapter thirty-seven of our code.

Accordingly, we reverse the circuit court's May 12, 2023, and August 17, 2023, orders and remand this matter to the circuit court for further proceedings, consistent with this decision.

Reversed and Remanded.

**ISSUED:** September 4, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

relevant issues for consideration. A property's appraisal value cannot be relied upon for this purpose because it does not reflect the actual value received from the Property's allotment or sale and it also does not properly reflect the amount of funds that would thereafter be available for distribution.